**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BLAKE YOUNG,<br><div align="center">Appellant,</div> | DOCKET NUMBER<br>NY-752S-16-0232-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br><div align="center">Agency.</div> | DATE: September 22, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Blake Young, White Plains, New York, pro se.

David S. Friedman, Esquire, New York, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his 1-day placement in an off-duty status for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant holds a Carrier position at the Port Chester Post Office in Port Chester, New York. Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 10. Effective April 7, 2016, the agency placed him in an emergency off-duty status without pay for 1 day. IAF, Tab 10 at 10-11.

¶3 The appellant filed a Board appeal of his 1-day suspension and requested a hearing. IAF, Tab 1 at 1-8. He disputed the agency's reasons for the suspension and raised claims of retaliation for settling a prior Board appeal and discrimination based on race and disability. IAF, Tab 1 at 3, 7-8, Tab 5 at 1-3, Tab 9, Tab 11 at 1-2, Tab 12 at 1-5.

¶4 The administrative judge informed the appellant of his burden of proving jurisdiction over his appeal and that a 1-day placement in an emergency off-duty status without pay is not an appealable action. IAF, Tab 4. She ordered him to file evidence and argument on the jurisdictional issue. *Id.* at 2. The appellant responded. IAF, Tabs 5, 9, 11-12. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 10 at 4-7.

¶5     Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 13, Initial Decision (ID) at 1, 3.  She found that the Board lacked jurisdiction over the appellant's emergency placement in an off-duty status without pay for 1 day.  ID at 3.  She further found that his claims of retaliation and discrimination do not provide an independent basis for finding Board jurisdiction.  *Id.*  Finally, she denied his request for a hearing because she found that he failed to raise an issue of fact sufficient to establish Board jurisdiction.  *Id.*

¶6     The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

¶7     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A suspension for more than 14 days is an appealable action.  5 U.S.C. § 7512(2); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014).  A "suspension" is the temporary placement of an employee in a nonpay, nonduty status.  5 U.S.C. § 7501(2); *Abbott*, 121 M.S.P.R. 294, ¶ 6.  The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence.[2]  5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant makes a nonfrivolous allegation[3] of Board jurisdiction over an appeal, he is entitled to a hearing on the jurisdictional question.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶8     Here, the appellant was placed in a nonpay, nonduty status for 1 day.  IAF, Tab 10 at 10-11.  As the administrative judge properly found, his placement in an

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

off-duty status without pay for 1 day is not an appealable action. ID at 3; *see Lefavor v. Department of the Navy*, 115 M.S.P.R. 120, ¶ 5 (2010) (stating that a suspension of 14 days or less is not an appealable action). Therefore, we find that the appellant has failed to make a nonfrivolous allegation of jurisdiction over a suspension for more than 14 days.

¶9　　　In his petition for review, the appellant reasserts claims of discrimination and retaliation. PFR File, Tab 1. However, the Board does not have jurisdiction over discrimination claims absent an otherwise appealable action. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012); *see* 5 U.S.C. § 7702(a)(1). Further, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982). Additionally, Postal Service employees may not file an individual right of action (IRA) appeal because they are not covered under the Whistleblower Protection Act. 5 U.S.C. § 2302(a)(2)(C); *Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002).[4]

¶10　　　Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[4] Although this appeal was filed after the effective date of the Whistleblower Protection Enhancement Act of 2012, we find nothing in the Act that would permit a Postal Service employee to file an IRA appeal.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.